PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JAMES S. EICHER, State Bar No. 213796
jeicher@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Ventura and Ventura County
Sheriff Geoff Dean

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Guadalupe Raya, individually and as Successor in Interest,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>County Of Ventura, Ventura County Sheriff Geoff Dean, California Forensic Medical Group, Incorporated, Geronimo Soloranzo, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. CV 15-07673 CBM (JCx)<br><br>Honorable Consuelo B. Marshall<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

　　　COME NOW Defendants County of Ventura and Ventura County Sheriff Geoff Dean (hereinafter "Defendants"), and answering the First Amended Complaint for Damages (hereinafter "Complaint") on file herein, for themselves and for no others, admit, deny and allege as follows:

　　　1.　　Answering Paragraph 1 of the First Amended Complaint, Defendants deny that the case meets the requirements of a federal civil rights action but admit that under the facts alleged, the Court has subject matter jurisdiction over

1 Plaintiff's claims at this time.

2. Answering Paragraph 2 of the First Amended Complaint, Defendants admit that venue is proper.

3. Answering Paragraph 3 of the First Amended Complaint, Defendants do not have sufficient information or belief to enable them to answer and on that ground, deny each and every other allegation contained therein.

4. Answering Paragraph 4 of the First Amended Complaint, Defendants admit that the County of Ventura is a municipal entity organized and existing under the laws of the State of California. Defendants further admit that the Ventura County Sheriff's Department ("VCSD") is created under the laws of the State of California and is an agency of the County of Ventura. Defendants deny each and every other allegation contained therein.

5. Answering Paragraph 5 of the First Amended Complaint, Defendants admit that Ventura County Sheriff Geoff Dean was the highest ranking member and head of the Ventura County Sheriff's Department at all times relevant to this litigation. Defendants deny as overly broad the remaining allegations of this paragraph that Sheriff Geoff Dean was personally responsible for every policy, custom and procedure, and deny Sheriff Geoff Dean was personally responsible for all management, supervision, and training of department personnel. Defendants likewise deny the allegations contained within sentence two of this paragraph that Sheriff Geoff Dean is responsible for selection, promotion, supervision, training, discipline and retention of agents, counselors, advisors, nurses, doctors, physician assistants, medical staff, mental health staff, education staff and supervisors working at the Ventura County Jail. Defendants deny that Sheriff Geoff Dean committed any wrongful acts whatsoever and deny that he should be sued in his individual capacity, because he had no personal contact whatsoever with the plaintiff's decedent.

6. Answering Paragraph 6 of the First Amended Complaint, Defendants

admit that California Forensic Medical Group was the specified provider of medical services and staff at the Ventura County Jail and under contract to provide medical care and attention to inmates.  Defendants deny any agency and admit that the medical care provider has an independent professional responsibility to patients which Defendants do not control or manage.

7. Answering Paragraph 7 of the First Amended Complaint, Defendants admit that Plaintiff is attempting to name Geronimo Solorzano as a defendant in this matter but do not have sufficient information or belief to enable them to answer said Paragraph, and on that ground, deny the allegations contained therein.

8. Answering Paragraph 8 of the First Amended Complaint, the identities of these fictitious defendants are unknown and therefore Defendants do not have sufficient information or belief to enable them to answer and on that ground, deny each and every allegation contained therein.

9. Answering Paragraph 9 of the First Amended Complaint, Defendants object to the allegations of this paragraph as compound and calling for legal conclusions. Defendants admit that California Forensic Medical Group is a medical provision contractor for the Ventura County Jail, but deny agency. Defendants also do not have sufficient information or belief to enable them to answer and on that ground, deny each and every allegation contained therein.

10. Answering Paragraph 10 of the First Amended Complaint, Defendants admit that prior to the filing of this Complaint Plaintiff served the County of Ventura with a timely Government Tort Claim for money damages and that said claim was rejected.

11. Answering Paragraphs 11,16, 21-22, 25-27, 31-44, 47-50, 53, 59-60, 63-65, 68-69, and the Prayer for Relief of the First Amended Complaint (subsequent to Paragraph 74 and each Claim for Relief found within pages 22 through 24 of the First Amended Complaint), Defendants deny generally and

1 specifically each and every allegation contained therein, and further deny that
2 Plaintiff is entitled to an award of damages, or any other relief as a result of any
3 act or omission by these Defendants.

4     12.     Answering Paragraphs 12 and 13, of the First Amended Complaint,
5 Defendants do not have sufficient information or belief to enable them to answer
6 and on that ground, deny each and every other allegation contained therein.

7     13.     Answering Paragraph 14 of the First Amended Complaint,
8 Defendants admit that Plaintiff's decedent, Edgar Solorzano was booked at the
9 Ventura County Jail on October 3, 2014. Defendants admit that Ventura County
10 Sheriff personnel requested that Plaintiff's decedent, Edgar Solorzano, be
11 evaluated by medical personnel as alleged in sentence two of this paragraph. As
12 to the remainder of the allegations set forth in Paragraph 14 of the First Amended
13 Complaint, Defendants do not have sufficient information or belief to enable
14 them to answer and on that ground, deny each and every other allegation
15 contained therein.

16     14.     Answering Paragraphs 15, 17, 18 and 19 of the First Amended
17 Complaint, Defendants admit that these paragraphs attempt to summarize specific
18 portions of Edgar Solorzano's medical records during his confinement at the
19 Ventura County Jail. However, Defendants do not have sufficient information or
20 belief to enable them to answer and on that ground, deny each and every
21 allegation contained therein. Defendants deny any implication or allegation that
22 they did not properly care for Plaintiff's decedent on or about April 16, 2015, or
23 at any other time while Plaintiff's decedent was in custody.

24     15.     Answering Paragraph 20 of the First Amended Complaint, as for
25 sentence one, Defendants admit that a California Penal Code § 1368 hearing was
26 held regarding whether the decedent was competent to stand trial and that as a
27 result the decedent was ordered to be placed at Patton State Hospital. However,
28 Defendants do not have sufficient information or belief to enable them to answer

and on that ground, deny each and every other allegation contained therein.

16. Answering Paragraph 23 of the First Amended Complaint, Defendants admit that on May 25, 2015, Edgar Solorzano hung himself in the Ventura County Jail using a sheet. Defendants deny generally and specifically each and every other allegation contained within this paragraph.

17. Answering Paragraph 24 of the First Amended Complaint, Defendants admit the allegations contained therein.

18. Answering Paragraph 28 of the First Amended Complaint, Defendants incorporate by reference their response to Paragraphs 1-27 as though fully set forth herein.

19. Answering Paragraph 29 of the First Amended Complaint, while Defendants admit that Plaintiff accurately summarizes portions of 42 U.S.C. Section 1983, Defendants deny generally and specifically liability for any alleged violations.

20. Answering Paragraph 30 of the First Amended Complaint, while Defendants admit that a custodial official's subjective deliberate indifference to the safety and medical needs of a pretrial detainee may constitute a violation of the 14th Amendment, Defendants deny any implication or allegation that they did not properly care for Plaintiff's decedent on or about April 16, 2015, or at any other time while he was in custody.

21. Answering Paragraph 45 of the First Amended Complaint, Defendants incorporate by reference their response to Paragraphs 1-44 as though fully set forth herein.

22. Answering Paragraph 46 of the First Amended Complaint, Defendants admit that Plaintiff attempts to summarize statutory and case law surrounding her state law Wrongful Death claim. Defendants deny that Plaintiff has standing to pursue these causes of action and deny generally and specifically liability under this state cause of action.

1  23. Answering Paragraph 51 of the First Amended Complaint, Defendants incorporate by reference their response to Paragraphs 1-50 as though fully set forth herein.

24. Answering Paragraph 52 of the First Amended Complaint, Defendants admit that Plaintiff attempts to summarize the enactment and scope of the Americans With Disabilities Act, The Rehabilitation Act, The Unruh Act, and California Civil Code § 51 et seq. Defendants deny generally and specifically liability under these claims for relief.

25. Answering Paragraph 54 of the First Amended Complaint, Defendants admit that the County of Ventura is a public entity under the laws of the State of California and that the Ventura County Sheriff's Department is a department of the County. Defendants admit that Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability. As to the remainder of the allegations stated in this Paragraph, the allegations are vague and ambiguous and, on that basis, Defendants deny generally and specifically said allegations.

26. Answering Paragraph 55 of the First Amended Complaint, the allegations contained within this Paragraph are vague and ambiguous and, on that basis, Defendants deny generally and specifically said allegations.

27. Answering Paragraph 56 of the First Amended Complaint, Defendants admit that the ADA imposes certain requirements regarding the accessibility of services and programs to individuals with qualifying disabilities. As to the remainder of the allegations set forth in this Paragraph, they are vague and ambiguous and, on that basis, Defendants deny generally and specifically said allegations.

28. Answering Paragraph 57 of the First Amended Complaint, Defendants admit that the ADA imposes certain requirements regarding the accessibility of services and programs to individuals with qualifying disabilities.

1  Defendants admit that the ADA prohibits a public entity from discriminating
2  against a qualified individual with a disability on the basis of a disability.  As to
3  the remainder of the allegations set forth in this Paragraph, these Defendants do
4  not have sufficient information or belief to enable them to answer said Paragraph,
5  and on that ground, deny each and every allegation contained therein.
6      29.     Answering Paragraph 58 of the First Amended Complaint, the
7  allegations are vague and ambiguous and, on that basis, Defendants deny
8  generally and specifically said allegations.
9      30.     Answering Paragraph 61 of the First Amended Complaint,
10  Defendants incorporate by reference their response to Paragraphs 1-60 as though
11  fully set forth herein.
12      31.     Answering Paragraph 62 of the First Amended Complaint,
13  Defendants admit that Plaintiff attempts to summarize Government Code Section
14  845.6 and deny generally and specifically liability under this claim for relief.
15      32.     Answering Paragraph 66 of the First Amended Complaint,
16  Defendants incorporate by reference their response to Paragraphs 1-65 as though
17  fully set forth herein.
18      33.     Answering Paragraph 67 of the First Amended Complaint,
19  Defendants object to the allegations of this paragraph as compound and calling
20  for legal conclusions. Defendants deny generally and specifically liability under
21  this claim for relief.
22      34.     Answering Paragraph 70 of the First Amended Complaint,
23  Defendants incorporate by reference their response to Paragraphs 1-69 as though
24  fully set forth herein.
25      35.     Answering Paragraphs 71-74 of the First Amended Complaint, this
26  sixth claim for relief (Medical Malpractice) is not alleged against Defendants
27  County of Ventura and Ventura County Sheriff Geoff Dean.  These are medically
28  specific allegations whose truth or falsity will need to be addressed by co-

defendant, CFMG.

## FIRST AFFIRMATIVE DEFENSE

36. Defendant Ventura County Sheriff Geoff Dean and the County of Ventura's employee(s) is/are entitled to qualified immunity since the applicable law was not clearly established and since a reasonable official in his/her position could have believed his/her conduct was lawful.

## SECOND AFFIRMATIVE DEFENSE

37. That Plaintiff's Complaint for Damages does not state facts sufficient to constitute a cause of action against these Defendants under 42 U.S.C. § 1983 because simple negligence pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), is not a federal civil rights violation.

## THIRD AFFIRMATIVE DEFENSE

38. Plaintiff's Complaint for Damages fails to state a cause of action against these answering Defendants.

## FOURTH AFFIRMATIVE DEFENSE

39. Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in the Complaint with specificity.

## FIFTH AFFIRMATIVE DEFENSE

40. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

## SIXTH AFFIRMATIVE DEFENSE

41. Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

## SEVENTH AFFIRMATIVE DEFENSE

42. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion is abused.

**EIGHTH AFFIRMATIVE DEFENSE**

43. Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

**NINTH AFFIRMATIVE DEFENSE**

44. Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if public protection service is provided, for failure to provide sufficient police protection service.

**TENTH AFFIRMATIVE DEFENSE**

45. Neither a public entity nor a public employee is liable for an injury caused by the adoption of or failure to adopt an enactment or by the failure to enforce an enactment.

**ELEVENTH AFFIRMATIVE DEFENSE**

46. Neither a public entity nor a public employee acting in the scope of employment is liable for injuries caused by misrepresentation, whether negligent or intentional, unless the public employee is guilty of actual fraud, corruption, or actual malice.

**TWELFTH AFFIRMATIVE DEFENSE**

47. Any injury to Plaintiff and/or Decedent was due to and caused by the negligence and omissions of the Plaintiff and/or Decedent to care for themselves, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to Plaintiff and/or Decedent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

48. The damages, if any, should be in direct proportion to the fault of these Defendants, if any, as provided by Civil Code §§ 1431 to 1431.5.

### FOURTEENTH AFFIRMATIVE DEFENSE

49. To the extent that Plaintiff and/or Decedent suffered any detriment, such detriment was caused or contributed to by Plaintiff's and/or Decedent's negligence and damage, if any, should be reduced in direct proportion to their fault.

### FIFTEENTH AFFIRMATIVE DEFENSE

50. The injuries and damages alleged by Plaintiff and/or Decedent, if any, were proximately caused by the negligence, conduct and liability of other persons or entities, and Defendants request that an allocation of such negligence, conduct and liability be made among such other persons or entities, and that, if any liability is found on the part of Defendants, judgment against Defendants be only in an amount which is proportionate to the extent and percentage by which these Defendants' acts or omissions contributed to Plaintiff's and/or Decedent's injuries or damages, if at all.

### SIXTEENTH AFFIRMATIVE DEFENSE

51. The negligence of a third-party or parties was a superseding, intervening cause of Plaintiff's and/or Decedent's injuries.

### SEVENTEENTH AFFIRMATIVE DEFENSE

52. Each of Plaintiff's state law claims are barred by the absolute "official duty" privilege of Civil Code § 47(a).

### EIGHTEENTH AFFIRMATIVE DEFENSE

53. Each of Plaintiff's state law claims are barred as having some connection with or logical relation to an "official proceeding" within the absolute privilege of Civil Code § 47(b).

### NINETEENTH AFFIRMATIVE DEFENSE

54. Each of Plaintiff's state law claims are barred by the absolute privilege of Government Code § 821.6.

**TWENTIETH AFFIRMATIVE DEFENSE**

55. Each of Plaintiff's state law claims are barred by the absolute privilege of Government Code § 820.2.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

56. The Complaint for Damages and individual theories of relief set forth therein are barred by Plaintiff's failure to have complied with the California public entity and public employee claims filing provisions.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

57. This action is barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1, 339, 340, and 342.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

58. Defendant is not liable pursuant to the doctrine of assumption of risk.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

59. Plaintiff's claims are barred by the doctrine of unclean hands.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

60. Plaintiff's claims are barred by the doctrine of laches.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

61. A public entity is not required to take any action that it can demonstrate would result in undue financial and administrative burdens, pursuant to 28 C.F.R. § 35.150(a)(3).

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

62. A public entity is not required to take any action that it can show would result in a fundamental alteration in the nature of a service, program, or activity, pursuant to 28 C.F.R. § 35.150(a)(3).

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

63. Plaintiff and/or Decedent have failed to mitigate their damages.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

64. Plaintiff's claims for relief and request for attorneys' fees are limited, in whole or in part, by the Prison Litigation Reform Act.

**THIRTIETH AFFIRMATIVE DEFENSE**

65. That any injury or damage suffered by Plaintiff and/or Decedent was caused solely by reason of Decedent's wrongful acts and not by reason of any unlawful acts or omissions of these Defendants.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

66. The County Sheriff and his subordinates act on behalf of the State, not the County, where engaged in law enforcement activities, consequently, any policies, practices or customs alleged in the Complaint are not those of the County.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

67. These Defendants are immune from liability pursuant to Government Code § 845.2, which provides immunity from liability for failure to provide sufficient jail equipment, personnel or facilities.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

68. These Defendants are immune from liability pursuant to Government Code § 844.6 which provides immunity from liability for an injury proximately caused by any prisoner or to any prisoner.

**THIRTY- FOURTH AFFIRMATIVE DEFENSE**

69. Defendants are not liable for failure to make reasonable accommodation to individuals who did not make their disability known to Defendants.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

70. Plaintiff lacks standing to pursue claims for relief as the successor-in-interest to the Decedent pursuant to Cal. Code of Civil Procedure § 377.10 and §377.11.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

71. Plaintiffs have failed to join all necessary parties to this action.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

72. Defendant is not legally responsible for the acts and/or omissions of the DOE defendants.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

73. The County of Ventura is immune from liability under the Eleventh Amendment to the Constitution of the United States of America.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

74. Liability for punitive damages is precluded by the absence of malice, in general, and the absence of clear and convincing evidence thereof, in particular, as required by Civil Code Section 3294(a) and (c), and pursuant to Government Code § 818, and <u>Newport City v. Fact Concerts, Inc.</u>, 453 U.S. 247, 69 L.Ed.2d 616, 101 S.Ct. 2748 (1981).

### FORTIETH AFFIRMATIVE DEFENSE

75. Plaintiff's Complaint fails to state a cause of action against these Defendants for punitive damages in that punitive damages violate due process of law rights.

### FORTY-FIRST AFFIRMATIVE DEFENSE

76. Plaintiff lacks standing to pursue claims for relief as the successor-in-interest to the Decedent pursuant to Cal. Code of Civil Procedure §§ 377.30 et seq.

### FORTY-SECOND AFFIRMATIVE DEFENSE

77. Each of Plaintiff's claims against the public entity Defendant is barred by Government Code § 815.2(b).

### FORTY-THIRD AFFIRMATIVE DEFENSE

78. Plaintiff's claims for municipal liability pursuant to U.S.C. 42 Section 1983 are barred pursuant to the holding and rationale of *Venegas v.*

*County of Los Angeles* (2004) 32 Cal.4th 820, 828-839 and *County of Los Angeles v. Superior Court (Peters)* (1998) 68 Cal.App.4th 1166, 1171.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

79. Since a Sheriff acts as a state policymaker when engaged in law enforcement activities, neither the County, or its Sheriff's Department, nor the Sheriff when sued in his official capacity are County policymakers with respect to lawsuits arising from the law enforcement activities and, as such, are not "persons" subject to suit under § 1983.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

80. Plaintiff's decedent's refusal to follow medical recommendations and prescribed care is a superseding cause of any alleged injuries and Plaintiff's claims are barred by the doctrine of waiver and release.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

81. No Defendant actually knew of and deliberately disregarded an excessive risk to the inmate decedent's health and safety or otherwise satisfied the standards for constitutional liability.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

82. No defendant exhibited subjective deliberate indifference, the requisite federal culpability standard, and therefore cannot be liable to plaintiff.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

83. Plaintiff lacks standing to pursue claims for relief because she does not meet the statutory burden of demonstrating that she was financially dependent upon her decedent pursuant to Cal. Code of Civil Procedure § 377.60 (b).

### FORTY-NINTH AFFIRMATIVE DEFENSE

84. Any state-law theory of recovery is precluded by the California Government Code provisions in §§ 845.6, 855.6, 855.8, 856 as well as 856.4.

Wherefore, Defendants County of Ventura and Ventura County Sheriff Geoff Dean pray that Plaintiff takes nothing by way of the Complaint for

14

Damages and that Defendants County of Ventura and Ventura County Sheriff Geoff Dean herein recover costs and such other and further relief as the Court may deem just and proper.

Dated: October 26, 2015          LAWRENCE BEACH ALLEN & CHOI, PC


                                 By   /s/ James S. Eicher, Jr.
                                     Paul B. Beach
                                     James S. Eicher, Jr.
                                     Attorneys for Defendants
                                     County of Ventura and
                                     Ventura County Sheriff Geoff Dean

**DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants County of Ventura and Ventura County Sheriff Geoff Dean demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 3.4.10.1.

Dated:  October 26, 2015                LAWRENCE BEACH ALLEN & CHOI, PC


                                        By  /s/ James S. Eicher, Jr.
                                            Paul B. Beach
                                            James S. Eicher, Jr.
                                            Attorneys for Defendants
                                            County of Ventura and
                                            Ventura County Sheriff Geoff Dean