Peter G. Bertling  # 131602
Jemma Parker Saunders #227962
BERTLING & CLAUSEN L.L.P.
15 West Carrillo Street, Suite 100
Santa Barbara, California  93101
Telephone:  (805) 892-2100
Facsimile: (805) 963-6044
pgb@bertling-clausen.com
jps@bertling-clausen.com

Attorneys for Defendant
CALIFORNIA FORENSIC
MEDICAL GROUP, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Guadalupe Raya, Individually and as Successor in Interest,<br><br>                    Plaintiff,<br><br>v.<br><br>County of Ventura, Ventura County Sheriff Geoff Dean, California Forensic Medical Group, Incorporated, Geronimo Solorzano, and Does 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 2:15-cv-07673 CBM(JCx)<br>[Complaint Filed September 30, 2015]<br><br>**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**; **DEMAND FOR JURY TRIAL**<br><br>Judge:      Hon. Consuelo B. Marshall<br>Magistrate: Hon. Jacqueline Choolijian<br>Trial:       Date not set |

COME NOW Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INC., ("Defendant") in response to plaintiff's First Amended Complaint answer, allege and plead as follows:

### JURISDICTION

1.     In response to the allegations of paragraph 1, defendant acknowledges plaintiff is are seeking relief under the Code sections noted; defendant denies plaintiff is entitled to the relief sought or any relief as alleged at all.

*///*

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

## VENUE

2.     In response to the allegations of paragraph 2, defendant acknowledges venue is proper based on the Code sections noted; defendant denies plaintiff is entitled to the relief sought or any relief as alleged at all.

## PARTIES

3.     In response to the allegations of paragraph 3, defendant can neither admit nor deny these allegations based upon lack of information.

4.     In response to the allegations of paragraph 4, defendant admits the County of Ventura is a public entity.  Defendant can neither admit nor deny the remainder of the allegations based upon lack of information.

5.     In response to the allegations of paragraph 5, defendant admits Geoff Dean was the Sheriff of the County of Ventura at all times relevant to the Complaint.  Defendant can neither admit nor deny the remainder of the allegations based upon lack of information.

6.     In response to the allegations of paragraph 6, defendant admits the allegations of paragraph 6.

7.     In response to the allegations of paragraph 7, defendant can neither admit nor deny these allegations based upon lack of information.

8.     In response to the allegations of paragraph 8, defendant can neither admit nor deny these allegations based upon lack of information.

9.     In response to the allegations of paragraph 9, defendant can neither admit nor deny these allegations based upon lack of information.

10.     In response to the allegations of paragraph 10, defendant can neither admit nor deny these allegations based upon lack of information.

11.     In response to the allegations of paragraph 11, defendant denies each and every allegation set forth in paragraph 10 of the Complaint.

///

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

## **STATEMENT OF FACTS**

12.     In response to the allegations of paragraph 12, defendant admits decedent Edgar Solorzano was 31 years old at the time of his suicide in the Ventura County Jail. Defendant can neither admit nor deny the remainder of the allegations based on lack of information.

13.     In response to the allegations of paragraph 13, defendant can neither admit nor deny these allegations based upon lack of information.

14.     In response to the allegations of paragraph 14, defendant can neither admit nor deny these allegations based upon lack of information.

15.     In response to the allegations of paragraph 15, defendant admits the medical record of October 6, 2014 reflects the statements of paragraph 15 of plaintiff's First Amended Complaint.

16.     In response to the allegations of paragraph 16, defendant can neither admit nor deny these allegations based upon lack of information.

17.     In response to the allegations of paragraph 17, defendant admits decedent's medical record reflects on March 12, 2015 that he kited he was having mood swings, and would be further evaluated for medications.  Defendant further admits on March 16, 2015 the medical record related to decedent reflects he complained of mood swings.  In response to the remainder of allegations of paragraph 17, defendant can neither admit nor deny these allegations based upon lack of information.

18.     In response to the allegations of paragraph 18, defendant admits the medical record of April 16, 2014 reflects the statements of paragraph 18 of plaintiff's First Amended Complaint.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 18 based upon lack of information.

19.     In response to the allegations of paragraph 19, defendant can neither admit nor deny these allegations based upon lack of information.

20.     In response to the allegations of paragraph 20, defendant can neither admit nor deny these allegations based upon lack of information.

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

21.     In response to the allegations of paragraph 21, defendant admits the May 15, 2015 medical record related to decedent reflects the statements contained in paragraph 21 of plaintiff's Complaint.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 21 based on lack of information.

22.     In response to the allegations of paragraph 22, defendant admits the May 19, 2015 medical record related to decedent reflects the statements contained in paragraph 22 of plaintiff's Complaint.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 21 based on lack of information.

23.     In response to the allegations of paragraph 23, defendant admits decedent hung himself in the Ventura County Jail on May 25, 2015.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 23 based on lack of information.

24.     In response to the allegations of paragraph 24, defendant can neither admit nor deny these allegations based upon lack of information.

25.     In response to the allegations of paragraph 25, defendant can neither admit nor deny these allegations based upon lack of information.

26.     In response to the allegations of paragraph 26, defendant denies these allegations.

27.     In response to the allegations of paragraph 27, defendant denies these allegations.

**FIRST CLAIM FOR RELIEF: 42 U.S.C. §1983**

28.     In response to the allegations of paragraph 28 of plaintiff's First Amended Complaint, defendant admits, denies and/or neither admits nor denies the allegations as set forth in the relevant paragraphs above.

29.     In response to the allegations of paragraph 29 of plaintiff's First Amended Complaint, defendant admits 42 U.S.C. §1983 states (in part) the substance of paragraph 28 of plaintiff's First Amended Complaint.

30.     In response to the allegations of paragraph 30, defendant denies plaintiff's interpretation of 14th Amendment substantive due process jurisprudence.

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

31.    In response to the allegations of paragraph 31, defendant denies these allegations.

32.    In response to the allegations of paragraph 32, defendant denies these allegations.

33.    In response to the allegations of paragraph 33, defendant denies these allegations.

34.    In response to the allegations of paragraph 34, defendant denies these allegations.

35.    No allegations are made against Defendant in paragraph 35 of plaintiff's First Amended Complaint.

36.    No allegations are made against Defendant in paragraph 36 of plaintiff's First Amended Complaint.

37.    No allegations are made against Defendant in paragraph 37 of plaintiff's First Amended Complaint.

38.    No allegations are made against Defendant in paragraph 38 of plaintiff's First Amended Complaint.

39.    No allegations are made against Defendant in paragraph 39 of plaintiff's First Amended Complaint.

40.    No allegations are made against Defendant in paragraph 40 of plaintiff's First Amended Complaint.

41.    No allegations are made against Defendant in paragraph 41 of plaintiff's First Amended Complaint.

42.    No allegations are made against Defendant in paragraph 42 of plaintiff's First Amended Complaint.

43.    No allegations are made against Defendant in paragraph 43 of plaintiff's First Amended Complaint.

44.    No allegations are made against Defendant in paragraph 44 of plaintiff's First Amended Complaint.

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

**SECOND CLAIM FOR RELIEF: WRONGFUL DEATH (CCP §§377.60; 377.20)**

45.     In response to the allegations of paragraph 45 of plaintiff's First Amended Complaint, defendant admits, denies and/or neither admits nor denies the allegations as set forth in the relevant paragraphs above.

46.     In response to the allegations of paragraph 46, defendant denies plaintiff's interpretation of California wrongful death jurisprudence.

47.     In response to the allegations of paragraph 47, defendant can neither admit nor deny these allegations based upon lack of information.

48.     In response to the allegations of paragraph 48, defendant denies these allegations.

49.     In response to the allegations of paragraph 49, defendant denies these allegations.

50.     In response to the allegations of paragraph 50, defendant denies these allegations.

**THIRD CLAIM FOR RELIEF: ADA TITLE II, UNRUH ACT,**
**REHABILITATION ACT**

51.     Pursuant to a Stipulation and Order entered on October 27, 2015, plaintiff has dismissed this Third Claim for Relief against defendant with prejudice.  Consequently, no allegations are made against defendant at paragraphs 51 through 60 of plaintiff's First Amended Complaint.

**FOURTH CLAIM FOR RELIEF: CAL. GOV'T CODE §845.6**

52.     No allegations are made against this Defendant at paragraphs 61 through 65 of plaintiff's First Amended Complaint.

**FIFTH CLAIM FOR RELIEF: NEGLIGENCE**

53.     In response to the allegations of paragraph 66 of plaintiff's First Amended Complaint, defendant admits, denies and/or neither admits nor denies the allegations as set forth in the relevant paragraphs above.

///

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

54.     In response to the allegations of paragraph 67, defendant denies plaintiff's interpretation of California Civil Code §1714(a).

55.     In response to the allegations of paragraph 68, defendant denies plaintiff's interpretation of California negligence jurisprudence, and defendant denies the allegations of paragraph 68 of plaintiff's First Amended Complaint.

56.     In response to the allegations of paragraph 69, defendant denies these allegations.

## SIXTH CLAIM FOR RELIEF: MEDICAL MALPRACTICE

57.     In response to the allegations of paragraph 70 of plaintiff's First Amended Complaint, defendant admits, denies and/or neither admits nor denies the allegations as set forth in the relevant paragraphs above.

58.     In response to the allegations of paragraph 71 of plaintiff's First Amended Complaint, defendant admits it was a provider of medical care at the Ventura County Jail. Defendant can neither admit nor deny the remainder of the allegations of paragraph 71 based on lack of information.

59.     In response to the allegations of paragraph 72, defendant denies these allegations.

60.     In response to the allegations of paragraph 73, defendant denies these allegations.

61.     In response to the allegations of paragraph 74, defendant denies these allegations.

## PRAYER FOR RELIEF

In response to the allegations of all paragraphs of plaintiff's prayer for relief in her First Amended Complaint, defendant denies all prior allegations and thereby denies that plaintiff is entitled to the relief sought or any relief as alleged or at all.

///

///

///

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As and for a first affirmative defense, defendant alleges that the damages, if any, complained of by plaintiff and/or decedent were proximately caused by the negligence of firms, persons, corporations, and other entities other than defendants, and that said negligence comparatively reduces the percentage of any negligence by defendant, if any be found, which negligence this defendant expressly denies.

### SECOND AFFIRMATIVE DEFENSE

As and for a second and separate affirmative defense, defendant alleges that defendant did not deliberately indifferently adopt, ratify or enforce any custom, practice or policy which deprived the decedent of any federally protected constitutional rights.

### THIRD AFFIRMATIVE DEFENSE

As and for a third and separate affirmative defense, defendant alleges that plaintiff and/or decedent did not exercise ordinary care, caution or prudence to avoid the happening of the incident complained of herein, and said incident and the injuries and damages, if any, sustained by plaintiff and/or decedent, were directly and proximately caused and contributed to by the negligence of said plaintiff and/or decedent.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth and separate affirmative defense, defendant alleges that the action is barred by the appropriate statute of limitations, as set forth in Code of Civil Procedure §§340, 340.5, *et seq*.

### FIFTH AFFIRMATIVE DEFENSE

As and for a fifth and separate affirmative defense, defendant alleges that the First Amended Complaint on file herein fails to state facts sufficient to constitute a cause of action against this answering defendant.

///

///

///

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

### SIXTH AFFIRMATIVE DEFENSE

As and for a sixth and separate affirmative defense, defendant allege that in the event this answering defendant is found to be negligent, which is expressly herein denied, the liability of this answering defendant is limited by reason of Civil Code §1431.2.

### SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh and separate affirmative defense, defendant alleges that plaintiff and/or decedent acted with full knowledge of all the facts and circumstances surrounding plaintiff's and/or decedent's injuries, and that said matters of which plaintiff and/or decedent assumed the risk proximately contributed to and proximately caused plaintiff's and/or decedent's injuries, if any.

### EIGHTH AFFIRMATIVE DEFENSE

As and for an eighth and separate affirmative defense, defendant alleges that damages for alleged attorney's fees are limited in this action by the provisions of Prison Litigation Reform Act, as described by the Ninth Circuit decision of *Madrid v. Gomez*, 172 F.3d 1252 (9th Cir. 1999), to $187.50 per hour, in that decedent was an inmate during the times of the events alleged as misconduct in this lawsuit.

### NINTH AFFIRMATIVE DEFENSE

As and for a ninth and separate affirmative defense, defendant alleges that plaintiff's and/or decedent's claims are barred by the doctrines of qualified and sovereign immunities.

### TENTH AFFIRMATIVE DEFENSE

As and for a tenth affirmative defense, defendant alleges plaintiff and/or decedent have waived any and all claims they may have or have had against defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

As and for an eleventh affirmative defense, defendant alleges plaintiff and/or decedent failed to comply with the claim submission provisions of the California Government Tort Claims Act, set forth in Government Code §945.4, *et seq*. which failure serves to bar in whole or in part each and every one of their alleged state law claims.

### TWELFTH AFFIRMATIVE DEFENSE

9                    2:15-cv-07673 CBM(JCx)

As and for a twelfth affirmative defense, defendant allege plaintiff's and/or decedent's claims are barred by California Government Code §820.2 which provides immunity for discretionary acts of public employees and by California Government Code §815.2(b) which bars liability against a public entity from injuries arising from alleged acts or omissions of an employee of the public entity where the employee is immune from liability.

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth affirmative defense, defendant alleges plaintiff and/or decedent have engaged in conduct with respect to the activities which are the subject of the Complaint and by reason of said activities and conduct, plaintiff and/or decedent are estopped from asserting any claim of damages or seeking any other relief against defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for a fourteenth affirmative defense, defendant allege the First Amended Complaint fails to state a claim of liability against it, pursuant to *Monell v. Dept. of Social Services*, 436 U.S. 658.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth affirmative defense, defendant alleges that at all times within the First Amended Complaint, defendant acted in good faith, without malice and within its respective scope of the duties.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for a sixteenth affirmative defense, defendant alleges that by virtue of plaintiff's and/or decedent's unlawful, immoral, careless, negligent and other wrongful conduct, plaintiff and/or decedent should be barred from recovering against defendant by the Equitable Doctrine of Unclean Hands.

///

///

10                    **2:15-cv-07673 CBM(JCx)**

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

## SEVENTEENTH AFFIRMATIVE DEFENSE

As and for a seventeenth affirmative defense, defendant alleges that plaintiff and/or decedent have failed to exercise reasonable care and diligence to avoid loss and to minimize damages and that, therefore, plaintiff and/or decedent may not recover for losses which could have been prevented by reasonable efforts on their part or by expenditures which might reasonably have been made, and, therefore, plaintiff's and/or decedent's recovery, if any, should be reduced by the failure to mitigate damages, if any there be.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As and for an eighteenth affirmative defense, to the extent the First Amended Complaint herein seeks punitive damages, it violates defendant's rights to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California, and it further violates defendant's rights to protection against "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article 1, Section XVII of the Constitution of the State of California. It further violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California.

## NINETEENTH AFFIRMATIVE DEFENSE

As and for a nineteenth affirmative defense, defendant alleges that all of plaintiff's and/or decedent's claims, in whole or in part, are barred by Government Code §845.6.

## TWENTIETH AFFIRMATIVE DEFENSE

As a twentieth affirmative defense, defendant alleges that all of plaintiff's and/or decedent's claims, in whole or in part, are barred by Government Code §855.8.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for a twenty-first affirmative defense, defendant alleges that all of plaintiff's and/or decedent's claims, in whole or in part, are barred by Government Code §856.

///

///

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for a twenty-second affirmative defense, defendant alleges that all of plaintiff's and/or decedent's claims, in whole or in part, are barred by Government Code §855.6.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for a twenty-third affirmative defense, defendant alleges that it is not liable for any alleged acts or omissions of its independent contractors, pursuant to Government Code §815.4.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for a twenty-fourth affirmative defense, defendant alleges the injuries and damages of which plaintiff and/or decedent complain, if any there be, were proximately and legally caused or contributed to by the acts of other persons and/or entities, which acts were an intervening and/or superseding cause of the alleged injuries and damages, if any, thus barring plaintiff and/or decedent from recovery against defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As and for a twenty-fifth affirmative defense, defendant alleges Government Code §818 bars any award of punitive damages sought to be assessed against defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

That in the event this answering Defendant is found to be negligent, which is expressly herein denied, this Defendant may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to plaintiff and/or decedent pursuant to Civil Code §3333.1.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

That in the event this answering Defendant is found to be negligent, which is expressly herein denied, the damages for non-economic losses shall not exceed the amounts specified in Civil Code §3333.2.

///

///

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

## **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

That in the event this answering Defendants is found to be negligent, which is expressly herein denied, this Defendant may elect to have future damages, if in excess of the amount specified in Code of Civil Procedure §667.7, paid in whole or in part as specified in Code of Civil Procedure §667.7.

## **TWENTY-NINTH AFFIRMATIVE DEFENSE**

As and for a twenty-ninth affirmative defense, defendant alleges plaintiff has failed to properly join all parties in accord with Federal Rules of Civil Procedure Rules 19 and 20.

## **THIRTIETH AFFIRMATIVE DEFENSE**

As and for a thirtieth affirmative defense, defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses available.  Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, this answering defendant prays that plaintiff take nothing by reason of the Complaint, and that this answering defendant have and recover judgment for costs of suit and for such other relief as the Court deems proper.

DATED: October 28, 2015    BERTLING & CLAUSEN L.L.P.


        By: */s/ Jemma Parker Saunders*
           Peter G. Bertling
           Jemma Parker Saunders
           Attorneys for Defendant CALIFORNIA
           FORENSIC MEDICAL GROUP, INC.

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

1

## DEMAND FOR JURY TRIAL

2        Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INC.  requests a trial

3   by jury in this matter.

4   DATED: October 28, 2015                 BERTLING & CLAUSEN L.L.P.

5

6                                     By:    */s/ Jemma Parker Saunders*
                                            Peter G. Bertling
7                                           Jemma Parker Saunders
                                            Attorneys for Defendant  CALIFORNIA
8                                           FORENSIC MEDICAL GROUP, INC.

9

10   **I hereby attest that I have on file all holograph signatures for any signatures indicated
     by a "conformed" signature (/s/) within this e-filed document.**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      14          **2:15-cv-07673 CBM(JCx)**

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**