Brian A. Osborne, Esq., CSB No. 126963
*osborneb@sbcglobal.net*
OSBORNE LAW FIRM
674 County Square Drive, Suite 310
Ventura, CA 93003
Ph: (805) 642-9283
Fax (805) 642-7054
Attorneys for Plaintiff Guadalupe Raya,
Individually and As Successor In Interest

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Guadalupe Raya, individually and as Successor in Interest, | Case No. CV 15-07673 CBM (JCx) |
| Plaintiff, | **JOINT RULE 26(f) REPORT FOR RULE 16(b) SCHEDULING CONFERENCE** |
| vs. | |
| County Of Ventura, Ventura County Sheriff Geoff Dean, California Forensic Medical Group, Incorporated, Geronimo Solorzano, and DOES 1 through 100, inclusive, | Honorable Consuelo B. Marshall |
| | Action Filed: October 1, 2015 |
| | Trial Date: TBD |
| Defendants. | Date: January 26, 2016 |
| | Time: 11:00 a.m. |
| | Courtroom: 2 |

This joint report is submitted in accordance with F.R.C.P. 16(b)(1) through (6) and F.R.C.P. 16(c) on behalf of Plaintiff Guadalupe Raya, by her counsel Brian A. Osborne of the Osborne Law Firm, Defendants County of Ventura and Ventura County Sheriff Geoff Dean, by their counsel, Paul B. Beach and James S. Eicher, Jr., of Lawrence Beach Allen & Choi, PC, and Defendant California Forensic Medical Group (CFMG) by its counsel, Peter G. Bertling and Jemma

1

Parker Saunders of Bertling & Clausen, L.L.P.

The parties conferred on November 17, 2015 and hereby submit the following report of the planning meeting:

**(A) STATEMENT OF THE CASE**

Plaintiff filed her First Amended Complaint, including a demand for jury trial, on October 1, 2015. The First Amended Complaint alleges six claims for relief: (1) 42 U.S.C. §1983 (3 counts); (2) Wrongful Death- C.C.P.§§ 377.60, 377.20; (3) Americans with Disabilities Act Violation; (4) California Government Code § 845.6; (5) negligence; and (6) medical malpractice.

**(1) Plaintiff's Contentions.**

This case arises from the suicide of 31 year old Edgar Solorzano on May 25, 2015 while incarcerated in the Ventura County Jail ("VCJ"). This action is brought by Mr. Solorzano's natural mother Guadalupe Raya. Mr. Solorzano had a prior suicide attempt, also by hanging, while previously incarcerated in VCJ in or about 2007.

Mr. Solorzano was initially arrested for releasing 6 canaries owned by neighbor Eva Tamayo and valued at $150.00. After being released on that charge, Eva Tamayo then accused Edgar Solorzano of threatening her life. Mr. Solorzano was returned to custody on the terrorist threat charge on October 3, 2015. There is substantial evidence that neither event occurred and that alleged victim Eva Tamayo has severe psychiatric issues. During booking, it was noted that Mr. Solorzano was acting bizarrely. Jail records dated October 6, 2015 document VCJ's knowledge of the prior suicide attempt.

On March 10, 2015, Mr. Solorzano filled out a medical care request form asking to see a psychologist. No psychologist was provided. Throughout March and April 2015, Mr. Solorzano complained of mood swings, depression and anxiety. On April 16, 2015, Mr. Solorzano made suicidal statements indicating that he was delusional, hallucinating and that he was going to kill himself. Mr.

Solorzano told nursing staff that he tried to hang himself that morning, that he had a blade ready and was going to kill himself that night. Mr. Solorzano was released from a safety cell the following day. In late April 2015, pursuant to Penal Code § 1368, Mr. Solorzano was found incompetent and ordered sent to Patton State Hospital.

On May 19, 2015, there was a suicidal quad call concerning Mr. Solorzano. He stated he was hallucinating and wanted to go to medical. On May 25, 2015 Edgar Solorzano hung himself in the Ventura County Jail using a blade and bed sheet, just as he had stated he was going to.

Defendants knew, had reason to know, or should have known that Mr. Solorzano was unable to care for himself and required ongoing medical care and treatment, supervision and reasonable monitoring and security. Defendants failed to provide reasonable accommodations for Mr. Solorzano's mental illness, failed to provide him access to medical/mental care and treatment, failed to provide reasonable monitoring and security, and acted with deliberate disregard for Mr. Solorzano's indicated treatment and security.

Sheriff Dean failed to properly train, supervise and monitor his employees and agents including CFMG, their doctors and staff. The unknown officers, deputies, medical personal, supervisors and others acted with indifference and reckless and deliberate disregard and/ or negligence in their official duties with regard to their supervision of Mr. Solorzano and the security they provided or failed to provide. These unknown individuals acted with indifference and reckless and deliberate disregard and/ or were negligent toward Mr. Solorzano in their official duties by failing to provide him access and delivery for care and treatment for his serious but treatable medical and mental health condition.

The individuals employed by defendants were negligently hired, trained, retained and supervised by Sheriff Dean, VCJ employees and personnel, CFMG, CFMG employees and personnel as well as their supervisors. These individuals

had a propensity to use dangerous tactics, unnecessary force, inappropriately dealing with individuals suffering from mental illness, and failing to provide appropriate care and treatment for those suffering mental health conditions.

**(2) Defendants' Contentions (CFMG, County of Ventura and Sheriff Geoff Dean)**.

No members of the Ventura County Sheriff's Department knew of and disregarded any excessive risk to Plaintiff's health or safety at any time while he was an inmate at the Ventura County Jail. Furthermore, Ventura County Sheriff Geoff Dean or any members of the Ventura County Sheriff's Department were not subjectively and/or objectively deliberately indifferent to the medical/mental health needs of Edgar Solorzano and therefore not responsible for his suicide. At no time did Ventura County Sheriff Geoff Dean have any individual involvement in the housing status of inmate Edgar Solorzano during his incarceration at the Ventura County Jail. In addition, state law theories of recovery are precluded by provisions of the California Government Code.

Finally, no contracted medical staff were deliberately indifferent to Edgar Solorzano's medical or mental health needs.

CFMG contends it and its staff appropriately cared for, treated and managed Mr. Solorzano's medical and mental health needs. CFMG contends it and its staff conducted thorough and appropriate examinations of Mr. Solorzano and properly and timely afforded Mr. Solorzano medication and treatment for his medical and mental health care needs.

CFMG contends neither it nor its staff was deliberately indifferent to Mr. Solorzano's medical or mental health care needs. CFMG further contends at all times it and its staff met the standard of care in its treatment of Mr. Solorzano and was not the cause of any of his or plaintiff's alleged injuries or claimed damages.

**(B) SUBJECT MATTER JURISDICTION**

Subject Matter Jurisdiction for this action is conferred upon this Court

4

pursuant to 28 U.S.C. §§1331 (federal question) and 1343(3) (civil rights) as the cause of action arises under 42 U.S.C. §1983.

**(C)    LEGAL ISSUES**

**(1)    Plaintiff's Position**

1. The nature and severity of Edgar Solorzano's medical needs and psychiatric condition;

2. The extent to which Edgar Solorzano's medical needs and psychiatric condition were known and/or apparent to defendants;

3. Whether defendants were deliberately indifferent to Edgar Solorzano's serious medical needs;

4. Whether defendants, including medical personnel, were negligent in their care and treatment of Edgar Solorzano;

5. Whether defendants breached statutory and/or legal duties of care to Edgar Solorzano and/or Guadalupe Raya;

6. Whether defendants properly monitored and supervised Edgar Solorzano while in custody;

7. Whether defendants took well-established jail suicide prevention precautions for an inmate with a prior history of suicide attempts;

8. Whether defendants' placement of Edgar Solorzano in segregation caused or contributed to his suicide;

9. Whether defendants' policies and procedures concerning the segregation of mentally ill inmates complies with constitutional requirements;

10. Whether any wrongful conduct by defendants was the cause in fact of Edgar Solorzano's death;

11. Damages sustained;

12. Other matters raised in the First Amended Complaint and Answers thereto. Counsel will meet and confer per Court Rules to narrow issues where possible.

**(2) Defendants' Position**

(1) If the County of Ventura and Ventura County Sheriff Geoff Dean did not commit any federal constitutional violation against plaintiff's decedent at any time, the plaintiff's federal causes of action would therefore be barred;

(2) Whether the County Defendants, CFMG and CFMG employees were subjectively deliberately indifferent to Plaintiff's serious medical needs. *See*, Estelle v. Gamble, 429 U.S. 97, 104 (1976);

(3) Whether any individual Defendants are entitled to qualified immunity;

(4) Whether the absence of any objective deliberate indifference on the part of County defendants precludes the plaintiff's cause of action for alleged violations of the Americans with Disabilities Act;

(5) What is the standard for the provision of medical and mental health care to inmates;

(6) Whether Defendants are liable for acts of discretion;

(7) Whether the presence or lack of a policy or procedure caused a violation of any constitutional rights;

(8) Whether Defendants breached the applicable standard of care in their medical and mental health care and treatment of decedent;

(9) Whether plaintiff's alleged injuries or claimed damages (or any portion) where proximately or legally caused by the alleged negligence or claimed violation of civil rights on the part of each of the defendants.

**(D) PARTIES, EVIDENCE, AND LIKELIHOOD OF ADDITIONAL PARTIES OR AMENDED PLEADINGS**

The current parties are Plaintiff Guadalupe Raya and Defendants County of Ventura, Ventura County Sheriff Geoff Dean, California Forensic Medical Group, Geronimo Solorzano, and Does 1-100. There is a substantial likelihood that plaintiff will add individual defendants upon the completion of

1 discovery. Once Plaintiff discovers the identity of these Does, Plaintiff will seek
2 leave to file an amended complaint naming these individuals.
3 **(E) DAMAGES**
4 **(1) Plaintiff's Position.**
5 Plaintiff anticipates using an economist to calculate damages. Generally,
6 plaintiff is seeking damages for the following categories:
7 Economic Damages:
8 1. The financial support if any, if decedent would have contribute tot he
9 family during the life expectancy that decedent had before his death or the life
10 expectancy of plaintiff whichever is shorter.
11 2. Loss of gifts or benefits that plaintiff would have expected to receive.
12 3. Funeral and burial expenses. And,
13 4. The reasonable value of household services that decedent would have
14 provided.
15 Non- Economic Damages:
16 1. The loss of decedents love, companionship, comfort, care, assistance,
17 protection, affection, society, moral support.
18 2. Punitive Damages.
19 Plaintiff has sought $4 million dollars pursuant to the First Amended
20 Complaint.
21 **(2) Defendants' Position.**
22 Discovery regarding damages has yet to commence.
23 **(F) INSURANCE**
24 CFMG is insured by Iron Health. Coverage analysis is pending.
25 The County of Ventura is self-insured with additional excess coverage.
26 **(G) MOTIONS**
27 Plaintiff does not currently contemplate any pre-trial motion filings other
28 than motions *in limine* and motions to compel if deemed necessary.

1  CFMG anticipates filing a motion for summary judgment or partial
2  summary judgment and possible motions *in limine*. Depending on the nature of
3  discovery, CFMG may also seek a protective order related to confidential
4  information, which may be procured by stipulation.
5  Ventura County Defendants anticipate a motion for summary judgment, or
6  alternatively, summary adjudication. Should Plaintiff not be amenable to dismiss
7  Sheriff Dean, Defendants will likely file a motion for judgment on the pleadings,
8  since Sheriff Geoff Dean is an unnecessary supernumerary defendant because the
9  entity defendant is named, *Kentucky v. Graham,* 473 U.S. 159, 165-66(1985) and
10 *Rosa R. v. Connelly,* 889 F.2d 435, 437 (2nd Cir. 1989). *Luke v. Abbott*. 954 F.
11 Supp. 202 (C.D. Cal, 1997) (official capacity lawsuits against individual
12 defendants are redundant where the entity employer has also been sued.)
13 Additionally, Defendants anticipate filing motions in limine and a motion to
14 bifurcate *Monell* proceedings in the interests of judicial and party economy.
15 Ventura County Defendants may also file a motion against Plaintiff to recover
16 their costs and attorney's fees pursuant to 28 U.S.C. Section 1927 and/or
17 Fed.R.Civ.Proc. Rule 11.

**(H)  MANUAL FOR COMPLEX LITIGATION**

None of the procedures from the Manual of Complex Litigation should be utilized.

**(I)  STATUS OF DISCOVERY**

The parties will have mutually provided their early disclosures within the 14 days permitted by FRCP 26(a)(1)(c) and prior to the scheduling conference.

**(J)  DISCOVERY PLAN**

No changes in the Rule 26(a) disclosure should be made. It will not be necessary to conduct discovery in phases or to otherwise limit discovery. The parties have agreed to engage in written discovery. The written discovery will likely consist of interrogatories, requests for admission and requests for

identification and production of documents. Discovery will promptly begin concerning the facts of this case and include the care and treatment of decedent. Discovery will be conducted regarding damages and require expert opinions and deposition testimony. The parties will also conduct depositions of the parties and witnesses. It is anticipated that depositions will commence in early February of 2016. Should there be a need for the taking of more than 10 depositions per side the parties have agreed to meet and confer on that issue to determine whether this matter can be properly addressed via stipulation.

Ventura County Defendants anticipate that many privacy, security and confidentiality concerns surrounding the Ventura County Jail, the resulting criminal investigation, and other anticipated requests can properly be addressed via a stipulated protective order.

**Plaintiff's Percipient Witnesses:**

Plaintiff contends the percipient witnesses are:

1. Guadalupe Raya;
2. Sonia Lopez;
3. Sheriff Geoff Dean;
4. Ventura County Sheriff's Deputies and/or employees who investigated Edgar Solorzano's suicide;
5. All Ventura County Sheriff's Deputies and/or employees who were responsible for the booking, care, treatment, monitoring and incarceration of Edgar Solorzano;
6. All Ventura County Sheriff's Deputies and/or employees who were involved with Edgar Solorzano on May 14, 2015 at which time he was dragged by multiple deputies;
7. All Ventura County Sheriff's Deputies and/or employees responsible for placing Edgar Solorzano in segregation;
8. All Ventura County Sheriff's Deputies and/or employees who

responded to Edgar Solorzano's suicide on May 25, 2015;

9. All California Forensic Medical Group doctors, nurses, staff and/or employees who examined, evaluated, rendered care, treated, prescribed medication or otherwise handled or dealt with Edgar Solorzano while incarcerated at Ventura County Jail;

10. All California Forensic Medical Group doctors, nurses, staff and/or employees responsible for California Forensic Medical Group policies and procedures;

11. All Ventura County Sheriff's Deputies and/or employees responsible for policies and procedures including, but not limited to, jail suicide prevention policies and guidelines.

12. Nancy Aronson;

13. Katherine M. Davis Ph.D.;

14. Erica Rocha;

15. Norma Mares;

16. Geronimo Solorzano;

17. Defendants' Experts.

**Plaintiff's Key Documents:**

1. Ventura County Sheriff Major Crimes investigative materials, including investigative reports, recordings, photographs, and any witness interviews surrounding the suicide incident.

2. Plaintiff's jail records;

3. Plaintiff's employment records, if any;

4. Plaintiff's medical records;

5. Autopsy Report;

6. Defendants' written policies and procedures;

7. Audio and Video recordings of decedent;

**Defendants' Percipient Witnesses:**

1. All persons identified by Plaintiff's operative pleading;

2. The persons whose identities appear on all documents that will be produced by Plaintiffs and Defendants;

**Defendants' Key Documents:**

1. Ventura County Sheriff Major Crimes investigative materials, including investigative reports, recordings, photographs, and any witness interviews surrounding the suicide incident. Based upon the sensitive nature of jail security and confidential nature of various documents surrounding the incident and resulting criminal investigation, County Defendants will seek a protective order prior to disclosure of said materials. During the early meeting of counsel this issue was discussed and the parties have preliminarily agreed to the use of a stipulated protective order which will be filed with the Magistrate.

2. Plaintiff's jail records;

3. Plaintiff's criminal court records;

4. Plaintiff's employment records, if any;

5. Plaintiff's medical and mental health records;

In addition to the above discovery, defendants will also seek the deposition of plaintiff and other family relatives, any preceding healthcare providers, and plaintiff's witnesses identified through Rule 26 disclosures and in discovery. Defendants will also seek the deposition of plaintiff's designated experts and rebuttal experts. Defendants expect to call expert witnesses including but not limited to individuals to testify concerning jail facilities, the standard of care, correctional medicine and causation and damages. Defendants anticipate depositions of Plaintiff, Plaintiff's family members, and potential inmates at Ventura County Jail prior to or at the time of the incident.

As indicated above, Ventura County Defendants anticipate that many privacy, security and confidentiality concerns surrounding the Ventura County

Jail, the resulting criminal investigation, and other anticipated requests can properly be addressed via a stipulated protective order.

**(K)   DISCOVERY CUT-OFF**

The parties respectfully propose that the discovery cut-off date in this matter be *December 16, 2016*. This cut-off date is the final day for the completion of discovery, including resolution of all discovery motions.

**(L)   EXPERT DISCOVERY**

The parties respectfully propose an initial Rule 26 expert witness disclosure deadline of *January 10, 2017*, and Rule 26 Supplemental and/or rebuttal expert witness report deadline of *January 26, 2017*.

**(M)   DISPOSITIVE MOTIONS**

The parties anticipate filing motions *in limine* to limit expert testimony and to exclude prejudicial, irrelevant, or otherwise inadmissible evidence. Defendants anticipate a motion for summary judgment, or alternatively, summary adjudication. The parties respectfully propose the deadline for filing summary judgment, or alternatively, summary adjudication motions, and any motions *in limine* of *February 6, 2017.*

**(N)   SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

At the early meeting of counsel, plaintiff and defense counsel conducted a preliminary exploration of settlement potential including an estimated range of damages. Once the parties engage in the initial discovery phase, exploration of settlement potential may be more realistic.

In accordance with Central District Local Rule 16-15.4, and this court's order, the parties select Settlement Procedure No. 2. The parties have agreed to a completion deadline on the mandatory settlement conference of *July 1, 2016.* The parties have likewise discussed the use of a private mediator if necessary and will seek the court's approval if and when that issue arises.

**(O) TRIAL ESTIMATE**

The parties have demanded a jury trial. The parties contemplate a 10-day trial. Because of the current trial schedule for counsel for defendants, the parties respectfully request a Final Pre-Trial Conference on *March 6, 2017*, and a trial date of *April 3, 2017*.

**(P) TRIAL COUNSEL**

Plaintiff will be represented at trial by her counsel of record, Brian A. Osborne of the Osborne Law Firm.

Defendant CFMG will be represented at trial by its counsel of record, Peter G. Bertling, Bertling & Clausen, LLP.

Paul B. Beach and James S. Eicher, Jr., of Lawrence Beach Allen & Choi, PC will represent the Ventura County Defendants at trial.

**(Q) INDEPENDENT EXPERT OR MASTER**

The appointment of an independent expert or master is currently unnecessary in this litigation.

**(R) TIMETABLE**

Please see Sections K through O to this report.

//
//
//
//

**(S) OTHER ISSUES**

Defendant Geronimo Solorzano was served by plaintiff's counsel on October 21, 2015. Plaintiff contends that this is a nominal defendant that had no relationship with decedent at or near the time of his death. It is unknown at this time whether this defendant is represented by counsel. Plaintiff will be seeking Geronimo Solorzano's default. The parties do not currently contemplate any other procedural or evidentiary problems.

Dated: December 3, 2015    THE OSBORNE LAW FIRM

By: _____/s/_____
    Brian A. Osborne[1]
    Attorney for Plaintiff
    Guadalupe Raya

Dated: December 3, 2015    BERTLING & CLAUSEN, L.L.P.

By: _____/s/_____
    Jemma Parker Saunders
    Attorneys for Defendant
    California Forensic Medical Group

Dated: December 3, 2015    LAWRENCE BEACH ALLEN & CHOI, PC

By _____/s/_____
    Paul B. Beach
    James S. Eicher, Jr.
    Attorneys for Defendants
    County of Ventura and
    Ventura County Sheriff Geoff Dean

---

[1] As filer, I, Brian A. Osborne, attest that Jemma Parker Saunders and James S. Eicher, Jr., concur in the content of the Joint Rule 26 Report and have authorized its filing.